**Fill in this information to identify the case:**

Debtor name: **LYM Development, LLC.**

United States Bankruptcy Court for the: EASTERN DISTRICT OF PENNSYLVANIA

Case number (if known): 23-11435-pmm

☐ Check if this is an amended filing

---

Official Form 425A

**Plan of Liquidation for Small Business Under Chapter 11**      02/20

# LYM Development, LLC. (the "Debtor") 's Plan of Liquidation Dated August 3, 2023

## Background for Cases Filed Under Subchapter V

**A.    Description and History of the Debtor's Business**

The Debtor is an LLC operating since 2019. Michaela Hayes became the 100 percent member with the resignation of Zorvana Mitic in November 2022. Michaela Hayes operates the business and day to day operations. The Debtor has been in the business of real estate development and sales with some leasing of real estate. Debtor owns various real estate. Debtor intends to sell all real estate. Debtor had a hearing scheduled on a Motion to Sell 2255 Greenwich Street, Philadelphia, Pa on July 27, 2023. An Order was entered approving the sale. A closing is scheduled for August 10, 2023. There is a Motion to Approve the sale of 439 Erial Rd., Sicklerville, NJ scheduled for August 23, 2023. Debtor is developing and/or marketing other properties including 1524 S. Cleveland Street, Philadelphia, Pa and 1923 Gerritt Street, Philadelphia, Pa.. KW Philly South has been appointed as realtor to list and market these properties. It is debtor's intention to obtain post-petition financing to complete the project at 901-911 Emily Street, Philadelphia, Pa in the event ING Properties LLC will not continue draws per the original terms of the construction loan. ING Properties, LLC filed a Confession of Judgment in December 2022. ING Properties, LLC currently has taken the position that with the judgment their is no longer construction loan obligations and that the draws of the remaining construction loan are not required. Debtor believes that it is in the best interest of the bankrupt estate and creditors that this project be completed to maximize recovery and distribution to creditors. If financing cannot be obtained 901-911 Emily Street, Philadelphia, Pa will need to be sold "as is".

The bankruptcy was commenced with a voluntary petition on May 17, 2023. The Debtor has remained as Debtor in Possession. The meeting of Creditors was held and concluded. The Debtor maintains a Debtor in Possession Bank account and has maintained insurance on the properties. Debtor has filed operating reports and is using cash collateral including DIP Funding from Michaela Hayes to meet monthly obligations. Cash Collateral has been authorized pursuant to submitted budgets with a hearing scheduled for August 9, 2023 concerning cash collateral. The claims deadline was July 24, 2023. A Plan was required to be filed by the Debtor by August 15, 2023.

**B.    Liquidation Analysis**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit A.**

**C.    Ability to make future plan payments and operate without further reorganization**

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

The Plan set forth is a liquidating plan; therefore the only payments made under the plan will be a distribution of the proceeds from the sale of real estate property. To the extent that the Debtor needs cash to cover operation costs during the life of the plan, the Debtor reserves the right to seek approval of debtor-in-possession financing. Otherwise, and ultimately, all administrative expenses shall be paid from the proceeds of the sale of Debtor's property.

**You should consult with your accountant or other financial advisor if you have any questions pertaining to the liquidation. No projections are provided as it is a liquidating plan.**

Debtor    **LYM Development, LLC.**
Name

Case number (*if known*)    23-11435-pmm

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **LYM Development, LLC.** (the *Debtor*) from sale of assets.

This Plan provides for:    __1__    classes of priority claims;

    __7__    classes of secured claims;

    __1__    classes of non-priority unsecured claims; and

    __1__    classes of equity security holders.

This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Article 3 through 6 of this Plan for information regarding the precise treatment of their claim. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.(If you do not have an attorney , you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

| | | |
|---|---|---|
| 2.01 | **Class 1** | All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).Includes claim #12 of the State of NJ FOR $2,500.00 and IRS Claim #15 currently for $800 on estimated liability |
| 2.02 | **Class 2** | The claims of the City of Philadelphia Claims #1 and# 2 |
| 2.03 | **Class 3** | Secured Claim #3 of 3PCG, Inc.There is no collateral and they will be treated as an unsecured claim and part of class 9 |
| 2.04 | **Class 4** | Secured claim # 6 of EF Mortgage secured on 439 Erial Street, |
| 2.05 | **Class 5** | Secured claim # 7 ING Properties including mortgage on 901-911 Emily Street, Philadelphia, Pa and confession of judgment liens |
| 2.06 | **Class 6** | Secured Claim #10 of FTF on 1923 Gerritt Street, Philadelphia, pA |

| Debtor | LYM Development, LLC. | Case number (*if known*) | 23-11435-pmm |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 2.07 | **Class 7** | Secured Claim #11 of Premia Am Trust on 2255 Greenwich Street, Philadelphia, Pa |
| 2.08 | **Class 8** | Secured Claim #14 of Aeri III on 1524 S. Cleveland Street, Philadelphia, Pa |
| 2.09 | **Class 9** | General Unsecured , Non-priority Claims including Claim #4 of American Express, Claim #5 of Angelina Lum Lee, Claim #8 of Milana Vokovic, Claim #9 of Marija Cocanovic, Claim #14 of Zorana Mitic and undisputed , scheduled claims of Michaela Hayes, Philip Menaged and Blue Vine Capital |
| 2.10 | **Class 10** | Claim of Equity Security Holder Michaela Hayes |

**Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees**

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, under § 502(f) of the Code and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claims** | Administrative Expense Claims shall consist of the allowed claims of the Debtor's court-employed counsel, along with the Subchapter V Trustee.Upon the sale of real estate by the debtor, Debtor's bankruptcy counsel and the Subchapter V Trustee shall be entitled to a section 506( c) Claim payable at closing on the sale of each of the Debtor's real property and allocabe between said professionals on a pro rata basis based upon the allowed amount of each such professional's claim.The debtor's commercial real estate brokers will also receive payment of their administrative expense claims from the proceeds of the sales of each of the debtor's real properties in the percentage amounts set forth in their court approved professional employment agreements. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid upon confirmation consistent with § 1129(a)(9)(C) of the Code]. |
| 3.04 | **Statutory fees** | Not Applicable |
| 3.05 | **Prospective quarterly fees** | Not Applicable |

Debtor  **LYM Development, LLC.**     Case number (*if known*) 23-11435-pmm
Name

## Article 4: Treatment of Claims and Interests Under the Plan

4.01 **Claims and interests shall be treated as follows under this Plan:**

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 - **Priority claim** excluding those in Article 3 State of NJ, Claim #12 and IRS claim #15 | ☐ Impaired<br>☑ Unimpaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash, upon the later of the effective date of this Plan, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2-**Secured Claim** of **City of Philadelphia Claims #1 and #2.** | ☑ Impaired<br>☐ Unimpaired | Class 2 will receive payment in full from the sale of real estate pursuant to the portion of their claims as they pertain to each property with statutory or judgment rate of interest, where applicable. |
| Class 3-**Secured Claim of 3PCG, Inc., Claim #3** | ☑ Impaired<br>☐ Unimpaired | This secured claim has no definable collateral and will be treated the same and included in the plan treatment for class 9 claims. |
| Class 4 – **Secured claim of EF Mortgage, LLC, Claim #6** | ☑ Impaired<br>☐ Unimpaired | This secured claim is to be paid in full through the proposed sale of 439 Erial Rd., Sicklerville, NJ and the net proceeds from the sale. Net proceeds is defined as the gross sale proceeds less all normal and customary closing costs, including the 506 (c) claim applicable to the property being sold, unpaid real estate taxes and/or water and sewer charges. Debtor anticipates that claim #6 will be paid in full upon the court approved sale. |
| Class 5-**Secured Claim of ING Properties, Claim #7** | ☑ Impaired<br>☐ Unimpaired | This claim is secured by a mortgage on 901-911 Emily Street, Philadelphia, and has a junior lien position on the other Philadelphia properties by virtue of a confession of judgment. Debtor intends to complete this real estate project with financing from draws from ING Properties, if they will continue said draws or by third party financing which is being pursued and super priority status sought under 11 U.S.C. 363. It is expected upon the completion of the project this debt will be satisfied in full. Said creditor is also likely to receive distribution from the sale of 2255 Greenwich and other properties as buyers are obtained and court approved. It is expected that claim #7 will be satisfied in full. |
| Class 6-**Secured Claim of** | | This claim is secured by a mortgage on 1923 Gerritt |

| | | |
|---|---|---|
| **FTF Claim #10** | ☑ Impaired<br><br>☐ Unimpaired | Street, Philadelphia, Pa. Debtor has listed and intends to sell this real estate. It is anticipated that this claim will be satisfied from the net proceeds upon the sale. Net proceeds is defined as the gross sale proceeds less all normal and customary closing costs, including the realtor commission and the 506 (c ) claim applicable to the property being sold, unpaid real estate taxes and/or water and sewer charges. Debtor anticipates that claim #10 will be paid in full upon the court approved sale. |
| Class 7-**Secured Claim of Premia AM Trust, Claim #11** | ☑ Impaired<br><br>☐ Unimpaired | This secured creditor will be paid in full from the net proceeds of sale of 2255 Greenwich Street, Philadelphia, Pa. Net proceeds is defined as the gross sale proceeds less all normal and customary closing costs, including the 506 (c ) claim applicable to the property being sold, unpaid real estate taxes and/or water and sewer. Debtor anticipates that the allowed claim #11 will be paid in full upon the court approved sale. Debtor intends to pay the allowed claim amount after the claim amount is judicially determined after a hearing or amicably resolved with an agreed upon amended claim.. The payoff figure for the real estate closing of August 7, 2023 is disputed by Debtor and ING Properties LLC. |
| Class 8 – **Secured claim of Aero III, Claim #14** | ☑ Impaired<br><br>☐ Unimpaired | This secured debtor will be paid in full from the net proceeds of sale of 1524 S Cleveland Street, Philadelphia, Pa. Net proceeds is defined as the gross sale proceeds less all normal and customary closing costs, including the 506 (c ) claim applicable to the property being sold, unpaid real estate taxes and/or water and sewer. Debtor anticipates that claim #14 will be paid in full upon the court approved sale. |
| **Class 9-Non-Priority unsecured Creditors**<br>General Unsecured , Non-priority Claims including Claim #4 of American Express<br>Claim #5 of Angelina Lum Lee<br>Claim #8 of Milana Vokovic<br>Claim #9 of Marija Cocanovic<br>Claim #14 of Zorana Mitic and | ☑ Impaired<br><br>☐ Unimpaired | Consists of the claims of non-priority unsecured creditors, which are impaired. To the extent that there are any net proceeds available after the sale of each real estate property, after payment of all liens such proceeds will be disbursed pro rata to these creditors on their allowed claims after the payment of all liens and administrative fees and expenses. . |

| Debtor | LYM Development, LLC. | | Case number (*if known*) | 23-11435-pmm |
|---|---|---|---|---|
| | Name | | | |

| | | | |
|---|---|---|---|
| | undisputed, scheduled claims of Michaela Hayes, Philip Menaged and Blue Vine Capital | | |
| Class 10 - **Equity security holders of the Debtor** | ☐ Impaired | The current member of the LLC. will retain her equity membership interests in the Debtor. | |
| | ☐ Unimpaired | | |

## Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claim** | A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: |
| | | (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or |
| | | (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. |
| 5.02 | **Delay of distribution on a disputed claim** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The debtor shall have up to 30 days after a sale is approved or if no sale prior to confirmation, 30 dates after confirmation of the Plan and it |
| | | has become final and non appealable to file objections to any such claims and the failure to file a timely objection to any such claim shall result in the deemed allowance of the claim. |
| 5.03 | **Settlement of disputed claims** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

## Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | The Debtor assumes the residential lease listed on Schedule G on Erial Street, Sicklerville NJ until the sale is consumated to Philip Menaged or other third party. |

## Article 7: Means for Implementation of the Plan

The Plan will be implemented and funded from the proceeds of the sale of Debtor's real property. Debtor intends to market and sell the properties within 6 months of the effective date of the plan, except for 901-911 Emily Street, Philadelphia, Pa. Two properties are already under agreement with Motions pending or decided.Debtor intends to finish 910-911 Emily Street construction and then sell the property, For that reason Debtor will sell that property within twelve (12 months) as there is still 6-8 months of construction remaining. Any post-petition financing obtained to complete the project will be obtained with the intention to seek a super priority status on 11 USC 363.Secured creditors will all be satisfied in full from real estate sales. The attached liquidation analysis can be used to reflect any expected distribution to general unsecured non-priority creditors.

Any sale of the Debtor's real property after confirmation of the within Plan shall be exempt from transfer tax pursuant to 1146(a). further, notwithstanding the stated treatment of the above secured classes, the Net Proceeds of any sale of the Debtor's real properties will be paid to the respective lienholders in accord with their appliacble lien priorities.

In addition, the Debtor shall have the exclusive right, but shall be under no obligation, to pursue causes of action allowed under applicable law or under the Code ("Causes of Action").

From and after the Effective Date, the reorganized Debtor may, in the ordinary course and without the necessity of any approval by the Bankruptcy Court (i) lease or rent any or all of its real property, and(ii) pay the reasonable fees and expenses of professional persons thereafter incurred, including, without limitation, those fees and expenses incurred in connection with the implementation and consummation of the Plan.

**Payments under the PLAN**

Upon consideration of the request of the Debtor and the Subchapter V Trustee, pursuant to 11 U.S.C. 1194(b), the debtor shall make all required Plan payments directly to the Plan payment recipients.

## Article 8: General Provision

| | | |
|---|---|---|
| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. |
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |

| Debtor | **LYM Development, LLC.** | Case number (*if known*) | 23-11435-pmm |
|---|---|---|---|
| | Name | | |

| | | |
|---|---|---|
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | Not Applicable |

| Debtor | LYM Development, LLC. | Case number (if known) | 23-11435-pmm |
|---|---|---|---|
| | Name | | |

**8.08 Retention of Jurisdiction**   The Court shall retain jurisdiction of this Case after the Confirmation Date for the following purposes:

(a) to take any action with respect to the subordination, allowance, disallowance, validity, perfection, enforcement or avoidance of Claims and liens, including, determination of objections to the allowance of claims and amendments to the schedules;

(b) To classify the Claim of any Claimant and to re-examine Claims which have been allowed for purposes of Objections to Plan, and determine such objections as may be filed to Claims.

(c) To determine any and all disputes arising under the Plan.

(d) To determine any and all applications for allowance of compensation and reimbursement of expenses herein

(e) To determine any applications for rejection of executory contracts and unexpired leases and to determine the Claims resulting from the rejection thereof and from the rejection of executory contracts or unexpired leases pursuant to the Plan.

(f) To determineany and all applications, adversary proceedings and contested and litigation matters pending in the Case as of the Confirmation Date or filed within 180 days thereafter.

(g) To hear, determine and enforce any Causes of Action under the Code and to authorize the prosecution of the same in such other courts as may be required by law.

(h) To modify any provision of the Plan to the full extent as permitted by the Code

(i) To correct any defect, cure any omission or reconcile any inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes, intent and effect of the Plan.

(j) To determine such other matters as may be provided for in the Confirmation Order or as may be authorized under provision of the Code or otherwise deemed appropriate to accomplish the Plan's intent and purpose.

(k) To grant extensions of any deadlines set herein

(l) To enforce all discharge provisions under the Plan

(m) To enter any order , including injunctions, necessary to enforce the terms of the Plan and the rights and power of the Debtor under the Code, this Plan and as the Court may deem necessary: and

(n) To enter a Final Order closing this Case.

## Article 9: Discharge

**[9.01 No Discharge -- Section 1141(d)(3) IS applicable.**

The Debtor intends to seek confirmation of the Plan under 1191(b). As the plan provides for liquidation of all or substantially all of the property of the estate, pursuant to § 1141(d)(3)(A) of the Code, the Debtor will not receive any

discharge of debt in this bankruptcy case.



### Article 10: Other Provisions

**Default Provision**

Notwithstanding any provision of the Plan, if the Debtor fails to perform any Post-Petition Obligation to the Subchapter V Trustee, the Subchapter V Trustee shall given written notice of the default(the "Default Notice ") to the debtor, Debtor's Counsel, and the U.S. Trustee by email and first-class mail, postage prepaid on or after the fifteenth(15th) day following the default and file a copy of the Default Notice electronically on the public docket. The debtor shall have thirty-five (35)   days from the issuance of a Default Notice(the "Default Period")   to cure all defaults. If the Debtor fails to cure all defaults within any Notice Period, the Trustee may certify the default to this Court. Upon certification of default by the Trustee, the Court shall enter a order converting this case to a chapter 7 without further notice and hearing.

Respectfully submitted,

X _____    **Michaela Hayes**
[Signature of the Plan Proponent]    [Printed name]


X  /s/ Holly S. Miller    **Holly S. Miller**
[Signature of the Attorney for the Plan Proponent]    [Printed name]

# **EXHIBIT A**

# LIQUIDATION ANALYSIS FOR PLAN FOR LYM LLC

**901-911 Emily Street, Philadelphia, Pa**

$   2,000,000.00   FMV

$ (120,000.00)     Broker Commission (6%)

$(100,000.00) Estimated Closing Costs

$   1,780,000.00    net sale proceeds

$ (2,653,680.29) Lender, ING Properties Claim #7

$ ($5,199.69) City of Philadelphia Claim #2 with 9 % accruing

$ ($3,262.27) City of Philadelphia Claim #1


$ 0          Distribution to Unsecured Claims

---

**1923 Gerritt Street, Philadelphia, Pa**

$300,000.00                FMV

$ (18,000.00)     Broker Commission (6%)

$(15,000.00) Estimated Closing Costs

$ 267,000.00 net sale Proceeds

$ ($273,106.05) Lender, FTF Claim #10

$ ($3,556.20) City of Philadelphia Claim #2 with 9 % accruing

$ ($428.74) City of Philadelphia Claim #1


$    0          Distribution to Unsecured Claims

---

**1524 S. Cleveland Street, Philadelphia, Pa**

$ 180,000.00                FMV

($ 10,800.00)     Broker Commission (6%)

($9,000.00) Estimated Closing Costs

($ 169,200.00)          net sale proceeds

($169,228.16) Lender, Aero III Claim #14

($2,152.89) City of Philadelphia Claim #2 with 9 % accruing

($494.21) City of Philadelphia Claim #1

**$     0     Distribution to Unsecured Claims**

**2255 Greenwich Street, Philadelphia, Pa**

$ 307,000.00         FMV-Agreement of Sale

($ 18,420.00)     Broker Commission (6%)

($15,350.00) Estimated Closing costs

$ 273,230.00          net sale proceeds

($239,515.15) Lender, Premia AM Trust, Claim #11 -Pending Court Determination

($2,056.58) City of Philadelphia Claim #2 with 9 % accruing

($799.90) City of Philadelphia Claim #1

($ Balance of Proceeds) ING Properties confession of Judgment

| | |
|---|---|
| **$    0** | **Distribution to Unsecured Claims** |

**439 Erial Rd., Sicklerville, NJ**

$ 330,000.00    FMV

($16,500.00) Estimated Closing Costs

Note: No Broker

$ 313,500.00            net sale proceeds

($323,827.40) Lender, EF Mortgage Claim #6

| | |
|---|---|
| **$    0** | **Distribution to Unsecured Claims** |

Fair market values are derived from sale prices, realtor listing or real estate valuation by the Debtor. Closing costs have been included within the liquidation analysis. Lender claims are subject to objection to their proofs of claim or payoff statements. Debtor intends to complete the projects on Emily Street and Gerritt Street to maximize value.