**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>LYM DEVELOPMENT, LLC,<br><br>     Debtor. | Chapter 11<br><br>Case No. 23-11435-pmm |

## DEBTOR'S RESPONSE TO U.S. TRUSTEE
## MOTION TO CONVERT TO CHAPTER 7

Debtor, Lym Development, LLC through their counsel Gellert, Scali, Busenkell & Brown, LLC hereby sets forth the following in opposition to the Motion to Convert.

1-3 Admitted

4. Denied. It is denied that Michaela Hayes failed to appear. The debtor's state court counsel was communicating with Counsel for ING and attempting to gather documents with the intention to produce the requested records. Communication started turning toward Chapter 11, Subchapter V and the automatic stay stayed the state court litigation and discovery.

5. Admitted.

6. Admitted.

7. Admitted in Part, Denied in Part. The general facts are admitted. It is important to note that the Debtor did engage in court approved DIP Lending and did in fact obtain the needed insurance coverage with the trustee named on said policies.

8. Admitted in Part. Denied in Part. It is denied that the properties are fully encumbered. In fact, while the sale on 2255 Greenwich Street, Philadelphia, Pa fee through proceeds were sufficient to satisfy the mortgage and some distribution to ING as the judgment creditor. Debtor believes the completion of the projects, in particular the 9th street properties, would generate equity and benefit creditors.

1

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted in Part. Denied in Part. Debtor has been attempting to gather documents in storage and electronically contained to fully comply with the Order.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted

17. Admitted.

18. Denied. It is admitted that the Debtor pled the 5th Amendment and therefore no further response is provided to this averment.

19. Admitted in Part. Denied in Part. The liquidation analysis was with the current valuations in the current condition. If projects were completed funds may be generated for unsecured creditors.

20. Denied. Debtor has a court appointed realtor. While the sale to 2255 Greenwich Street and Erial Street properties did not occur, efforts continue to market the property. Debtor has been in Chapter 11, Subchapter V for less then 4 months. Debtor has a new offer on Erial Street. The realtor has contacted counsel about a possible buyer for the 9th street properties. The sale on 2255 Greenwich Street fell through because the buyer was uncomfortable with the city accounts and transfer of accounts to them. Therefore, the buyer utilized its exit clause to rescind the sale.

21. Denied. The sale fell through because the purchase price did not satisfy liens and secured parties objected. The Debtor revealed the connection to Philip Menaged in the pleadings fully disclosing the connection.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27-28. Denied. This is denied as a conclusion of law. The debtor filed in good faith. Debtor intended and still intends to complete projects and liquidate real estate through court approved sales. Debtor relied on expected draws from ING which are being withheld. Debtor is investigating other sources to obtain funds to complete projects in the best interest of all creditors. The Debtor is trying to get whatever additional documents she can while attempting to perform her duties under the bankruptcy case and in managing the properties.

29. Denied as a conclusion of law.

WHEREFORE, Debtor respectfully requests that the Court deny the Motion to Convert and allow Debtor to continue its efforts to achieve a confirmed plan of liquidation.

Dated: September 6, 2023            GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Michael A. Cataldo*
Holly S. Miller (No. 203979)
Michael A. Cataldo (No. 49431)
1628 John F. Kennedy Blvd, Suite 1901
Philadelphia, PA 19107
Telephone: (215) 238-0012
Facsimile:  (215) 238-0016
Email: hsmiller@gsbblaw.com
            mcataldo@gsbblaw.com

*Counsel to the Debtor*

Dated: 09/06/2023

Lym Development, LLC
By: Michaela Hayes